J. B. DONOHO v. FISH BROS. & CO.

(Case No. 1327.)

1. ASSIGNMENT.— A valid assignment for the benefit of creditors, under the act of March 24, 1879, must convey all of the property, real and personal, of the debtor, except such as may be exempt from forced sale. If the assignment be by copartners, it must convey the firm property as well as the individual property of the members composing the firm.

2. ASSIGNMENT.— No title passes as against objecting creditors by a deed of assignment executed by copartners, which only purports to convey to the assignee the partnership property, and with the condition expressed that only such creditors shall receive benefit from the assignment as will join in a release of the debtors. A deed of assignment containing such a condition is only valid when it conveys

all the property of the firm as well as that of the individuals composing it, except that which may be exempt under the constitution and laws from forced sale. If all the property, both of the firm and its individual members, be not conveyed, the deed presents no obstacle to an objecting creditor seeking to collect his debt by the usual process.

APPEAL from Red River. Tried below before the Hon. R. R. Gaines.

On the 12th day of January, 1881, Hynes & Sherry, hardware merchants at Clarksville, executed a deed of assignment to J. B. Donoho, assignee, for the benefit of their creditors. The deed was executed by M. J. Hynes, as the managing member of the firm, for Hynes & Sherry, and contained a provision that it was for the benefit of such creditors only as would accept the assignment and discharge the debtors. There were a large number of creditors, and the estimated assets and liabilities were about equal. On the same day J. B. Donoho made bond as assignee, and took charge of the estate and proceeded to execute the trust. On the 25th of January, 1881, the appellees, as creditors, levied a writ of attachment on the assigned goods in the hands of the assignee of the assessed value of $5,154.62. On the 26th day of January, 1881, the assignee filed his affidavit and claim bond under the statute for trial of the right of property, and the attached goods were returned to him. In May, 1882, the parties, under the directions of the court, made up and joined issue under the statute. On the 24th day of May, 1882, the cause was tried and a judgment rendered in favor of appellees for the assessed value of the goods, and from that judgment this appeal was taken. On the trial the court sustained objections made to the deed of assignment, which were made on the ground that the deed was fraudulent and void on its face, and this was assigned as error.

*Taylor & Chambers* and *Sims & McDonald*, for appellant

I. That the managing partner of a mercantile firm can make an assignment for the benefit of creditors.

II. Fraud will never be presumed.

III. The statute expressly provides that an assignment may be made for the benefit of such creditors only as may accept the assignment and discharge the debtor.

IV. The property of every member of the firm being liable, one creditor cannot have the deed declared void for his individual benefit because of a badge of fraud upon its face.

V. Excluding the deed deprives the defendant of the opportunity

to show: 1st. That Sherry was present and assented to the assignment. 2d. That Sherry had no property. 3d. That Sherry having assented, the assignee claimed that all his property passed to him. 4th. That all the creditors, except appellees, assented to the assignment. 5th. And all evidence of good faith. R. S., App., pp. 5 and 6, secs. 1, 10, 11; Graves v. Hall, 32 Tex., 666–7; Anderson v. Thompson, 1 Brock. C. C., 456; Forkner v. Stewart, 6 Gratt., 197; Pierpont v. Graham, 4 Wash. C. C., 232; Clark v. Reeves, 33 Miss., 579; Cullen v. Sneed, 5 Sneed; 1 Parsons on Contracts, 177–8; Parsons on Partnership, 166; Burrill on Assignment, art. 86; Briscoe v. Bronaugh, 1 Tex., 326; Turner v. Lambeth, 2 Tex., 369; Thompson v. Burnett, 3 Tex., 47; Kerr on Fraud and Mistake, 382–4; Burrill on Assignment, art. 340; 1 Greenl. Ev., secs. 34, 35, 80.

VI. The statute expressly provides for an assignment for the benefit of such creditors only as will accept and discharge the debtor. R. S., App., pp. 5 and 6, sec. 3.

VII. The deed of assignment shows there were a large number of creditors, including appellees. Eichs & Moore v. Copeland, 53 Tex., 531–2; Wilson v. Forsyth, 24 Bonham, 105; Bump on Fraud. Con., 336–371.

No briefs for appellee on file.

STAYTON, ASSOCIATE JUSTICE. — The question as to whether or not one partner can, without the consent of his copartner, make an assignment of all of the copartnership property for the benefit of creditors, is not presented here; for although the deed of assignment, to be considered in this case, appears to have been executed by Hynes alone in the firm name, it does not appear that he had not authority from his copartner, Sherry, to execute it.

The question to be decided in the case is, can a copartnership, under the act of March 24, 1879 (General Laws, 1879, p. 57), make an assignment by a deed which, upon its face, purports to assign nothing but the partnership estate, and which, upon its face, provides that only such creditors as agree to accept thereunder and release the debtors composing the firm shall partake of the proceeds of the property assigned.

The deed of assignment now under consideration does not purport to convey any of the property which may belong to the persons composing the firm, in their individual rights, but seeks by its terms to convey the partnership property alone.

Such an assignment is not contemplated by the act, even if there

was no restriction in it upon the right of all creditors to participate in the proceeds of the sale of the property by requiring a release of the debtor; for the act contemplates that all of the property, real and personal, of the debtors making the assignment, except such as is exempt from forced sale, whether the same be partnership property or such as is owned by each partner in his own individual right, shall pass by the assignment.

The law does not undertake to make assignments for debtors; it provides how an assignment may be made, and aids and makes complete an assignment which evidences an intention of the debtor to comply with its provisions.

If the deed of assignment purported to convey all of the property which belonged to the persons composing the firm, however defective it might be in form, it would pass not only the property which each copartner might own in his individual right, but also such property as they might own as copartners; but a deed which purports to convey only such property as the makers thereof own as copartners, cannot be held to pass the title to any other without making for the makers of the deed a contract which they never intended; this the law does not undertake to do.

If, however, copartners could under the act make an assignment of partnership property only, for the benefit of the creditors of the firm alone, which the deed offered in evidence seems to have attempted to do, there would be an insuperable objection to such an assignment containing a clause requiring a release of the debtors by the creditors as a condition to the right to participate in the proceeds of the assigned property. The deed of assignment upon its face purports to be made under the act of March 24, 1879, and contains a provision that only such creditors shall participate in the proceeds as release the debtors from all liability to them, and this clause is broad enough to require a release not only from partnership debts, but from such as the members may owe as individuals.

The statute permits a debtor to make an assignment only when all of his property, by force of the deed or of the law, is passed by it, except such as is exempt, and when such a deed is made it may, by the express terms of the statute, contain a provision that only such creditors as discharge the debtor from their claims shall participate in the proceeds of the assignment. The third section of the act provides that "any debtor, desiring so to do, may make an assignment for the benefit of such of his creditors only as will consent to accept their proportional share of his estate, and discharge him from their respective claims, and in such case the benefits of the as-

signment shall be limited and restricted to the creditors consenting thereto; the debtor shall thereupon be and stand discharged from all further liability to such consenting creditors on account of their respective claims, and when paid, they shall execute and deliver to the assignee for the debtor a release therefrom."

These provisions of the statute are in harmony with the principles laid down by the courts of the several states in which it has been held, in the absence of a statute, that such restrictions upon the rights of the creditors generally might be imposed by the debtor.

These decisions have held, however, that deeds of assignment imposing such restrictions are void if the assignment did not pass all of the debtor's property; and in case of a partnership assignment, it has been held that a deed which did not pass the individual property of the members of the firm, as well as the partnership property, was void. Such was the case of *In re* Wilson, 4 Pa. St., 448, in which Rogers, J., said: "The point on which the case principally turns, namely, the invalidity of the assignment, has been already decided in Thomas *v.* Jenks, 5 Rawle, 221, and Hennessy *v.* The Western Bank, 6 Watts & Serg., 300; the latter was a decision on the assignment now in controversy. In those cases it is ruled that an assignment by an insolvent debtor, stipulating for a release, is invalid, unless it contains a transfer of all the debtor's property.

" It has been regretted by some distinguished jurists, the late Mr. Justice Baldwin among the number, in Eustace *v.* Phillips, that the very fact of requiring a release from the creditors of an insolvent debtor did not invalidate the assignment. This point, however, he considered settled in Brashear *v.* West, 7 Peters, 615; but he says the law is thus settled only when the assignment is of the whole of the debtor's property and effects, and that it is otherwise if any portion is fraudulently kept back from the assignment. In the latter case the assignment is void by the execution of a release from the creditors, according to the opinion of the supreme court of this state, in 5 Rawle, 221, as well as the soundest principles of law. In Thomas *v.* Jenks, and Hennessy *v.* The Western Bank, we ruled that such an assignment was against the policy of the law; that the condition was oppressive, without the color of justice, and evinced on the face of the instrument a fraudulent design; that it was taking an unfair advantage of the situation of the creditors to impose the condition of a release, unless on the terms of the surrender of all the debtor's property." To the same effect are the following cases: Searing *v.* Brinkerhoff, 5 Johns. Ch., 333; Sangston *v.* Gai-

ther, 3 Md., 48; Wiler *v.* Samuel, 7 Barr, 500; Henderson *v.* Bliss, 8 Ind., 101.

An assignment by partners of the common property only is but a partial assignment, and the great current of authority holds that all such assignments, which contain a requirement that the creditors shall release the debtor, are void. Burrill on Assignments, section 197, where the authorities upon this subject are largely collected.

Parties who claim under assignments made under the act of March 24, 1879, cannot claim for it a more favorable construction for a partial assignment than is given to partial assignments in the states in which assignments, with restrictions requiring consenting creditors to release the debtor, are held to be valid.

He who wants the benefit of the act by which he seeks to be released from his just debt, without full payment, must comply with the act by conveying to the assignee all of the property required to be conveyed, whether the same be owned by him individually or as a member of a firm, and if he does not do so by the terms of his deed aided by the law, his assignment is void and interposes no obstacle to creditors in collecting their debts by usual process.

Before an assignment, any creditor may enforce the payment of his debt, through the courts, against all of the property of a debtor, whether partnership or individual property, except such as is exempt from forced sale, and this right cannot be restricted under the act of March 24, 1879, unless that property which was subject before the assignment, be subjected by it.

If it be deemed necessary that copartners should be permitted to make an assignment of copartnership property only, for the benefit of copartnership creditors, and that upon such assignment they shall have the right to provide for release from such creditors, the legislature will no doubt so provide; but until it does so provide, assignments made by copartners must convey all their property, whether partnership or individual.

There was no error in excluding the deed of assignment in this case from the jury, and the judgment is affirmed.

AFFIRMED.