## SCHNEIDER & DAVIS v. FRED DE SMITH.

### (No. 5259.)

ASSIGNMENTS.— Transfer by one partner to the other.
SAME.— Creditors not affected by fraud.

APPEAL from Parker county. Opinion by WALKER, P. J.

STATEMENT.— The following are conclusions of fact found by the court: "That December 10, 1882, the plaintiffs, Schneider & Davis, were creditors of the firm of Engstrum & Hooper; that at that time Engstrum & Hooper owed the plaintiffs the debt sued on by them in this cause; that at that date plaintiffs had no lien on the property afterward levied on by the attachment subsequently sued out; that on that day, December 10, 1882, said Hooper sold to Engstrum, his partner, his (Hooper's) interest in the goods levied on by plaintiffs' attachment afterward, and that the partnership between said Engstrum & Hooper was on that day actually dissolved; that this sale and dissolution of partnership was real and in good faith, and free from any intended fraud, and the court concluded that this want of fraud is an admitted fact, and this admission is evidenced by the statement of agreed facts read in evidence. Conclusions of law found on the above conclusions of fact and upon agreed facts."

First, the law is that the property levied on by plaintiffs' attachment did not belong to Engstrum & Hooper at date of levy, January 11, 1884; that at that date neither Engstrum nor Hooper owned or had any right in or to the property; that before then said property had passed into

the hands, rightfully and legally, of Fred De Smith, the assignee, for the benefit of Engstrum's creditors, and that plaintiffs' levy was invalid.

OPINION.— Held, that under the issues and facts of this case, it was not essential to the correctness of the conclusions of law found by the judge that he should have found as a conclusion of fact that the firm of E. & H., and the individual members composing .it, were insolvent at the time H. sold out his interest in the business to his partner.

It is held in Blum v. Welborne, 58 Tex., 164, "that no act of the assignee nor act of the assignor, at the time the assignment is made or preceding it, but even in contemplation of it, however fraudulent the act may be, shall divest the right of creditors to have the estate administered for their benefit in accordance with the spirit of the statute."

The point urged by appellant under the various assigned errors is in fact that, notwithstanding the transaction was *bona fide* and fairly intended as between the parties to it, yet, as it withdrew partnership effects, such transaction constituted a constructive fraud on the rights of the creditors of the firm. The above quoted decision applies, and appellants must seek the enforcement of their debt against the assets of the firm in the manner provided for under the law regulating assignments, and in the ordinary modes provided for under the general laws, as creditors generally. They cannot subject the property to attachment.

AFFIRMED.