## T. H. STILL V. FOCKE & WILKENS.

(Case No. 1931.)

1. BILL OF EXCEPTIONS— PRACTICE IN THE SUPREME COURT. — The decision again announced, that the judgment of the district court will not be reversed on account of the introduction of improper evidence, which was admitted without objection on the trial.

2. EVIDENCE—PLEADING—When property is levied on in the hands of an assignee, for the debt of an assignor, such assignee may show that no such debt in fact existed, and if judgment had already been rendered on such debt in a proceeding to which the assignee was not a party, he may, in behalf of the creditors, show that the judgment was not obtained on an existing debt, but was obtained by collusion. If he desires to show such facts in a proceeding to try the right to property levied on, he should, by plea, present an issue under which such evidence could be admitted.

3. EVIDENCE—TRIAL OF RIGHT OF PROPERTY—In trying the right to property seized under attachment, it would seem that the claimant's oath and bond reciting the existence of such a writ, and of a levy under it, would render it unnecessary to offer the writ of attachment, or a copy of it, in evidence.

4. BILL OF EXCEPTIONS—EVIDENCE—A cause will not be reversed on account of the admission in evidence of answers to interrogatories, when the question and answer are not set forth in the bill of exceptions, and when the statement of facts is so made up as to convey no information regarding the real character of such question and answer.

5. EVIDENCE—DECLARATIONS—In a trial of the right of property to which one claiming as assignee and an attaching creditor are parties, any evidence tending to show that the assignor was a member of a firm which was indebted to such attaching creditor, and to secure whose claim the writ issued, is admissible. But the declarations of the assignor, made after the assignment, can only be admitted against the assignee in exceptional cases.

6. EVIDENCE—When the issue between an attaching creditor, and an assignee, is whether the property seized belonged to the assignor, or to the assignor and another as partners and debtors of the attaching creditor, the true relations of the parties may be shown by any evidence that would fix on the assignor a liability as partner, for the acts of the one towards whom it is claimed he sustained that relation.

7. ASSIGNMENTS FOR CREDITORS—One partner may either sell or assign his interest in partnership property, but no interest is acquired by the purchaser, except such as would exist after the payment of all the partnership debts. After such a sale, or assignment, when the facts authorize the suing out of an attachment, the writ may be properly levied on the partnership property.

8. ASSIGNMENT FOR CREDITORS—The fact that partnership business is transacted in the name of only one of the firm, does not vary the rule, that an assignment of the property of such firm should show on its face that it was intended thereby to convey the partnership property. If the deed is made only by one, and in his name, he assuming therein to be sole owner, only his interest passes to the assignee, and the property may afterwards be seized by any creditor of the partnership and sold to satisfy his debts.

9. ASSIGNMENT BY PARTNERS—A partnership may make an assignment for the benefit of creditors; but in such case the property of the partnership and the property of each member of it, which is subject to forced sale must pass by the assignment.

10. CASES FOLLOWED—Donaho v. Fish Bros. & Co., 58 Tex., 164; Coffin v. Douglass, 61 Tex., 406, followed.

11. DEED OF ASSIGNMENT—The deed of assignment must, upon its face, by fair construction, pass all the property of the assignor or assignors, subject to forced sale.

APPEAL from Rusk. Tried below before the Hon. J. G. Hazlewood. In this case the errors assigned were twenty-five in number. Those considered by the court will be sufficiently apparent from the opinion.

*Jones & Gould, Carter & Wynne* and *Graham & Stone*, for appellant, on their proposition that declarations and admissions are only evidence against the party making them, and that the declarations of a person that he is a partner of another do not prove the partnership as against one dealing in ignorance of his partnership relations, and ignorant of such declarations, cited: 1 Otto, 438; 22 Wallace, 116.

That all the partnership property passed by the deed if Gabrielsky had and held all the property in which Friedlander had an interest, they cited: Windham v. Patty & Mathews, 62 Tex., 490, and Nave v. Britton, 61 Tex., 572.

*McLemore & Campbell*, for appellee, cited: Act of March 24, 1879; Donaho v. Fish, 58 Tex., 166; Nave v. Britton, 61 Tex., 572; Coffin v. Douglass, 61 Tex., 406.

STAYTON, ASSOCIATE JUSTICE.—The appellees brought an action against Gabrielsky & Friedlander and sued out an attachment under which the property in controversy was seized. The appellant instituted this proceeding to try the right of property, claiming as assignee under a former assignment made by Gabrielsky for the benefit of such

creditors as would consent to take under it and release him. The assignment made by Gabrielsky only purports to convey his own property, and it is claimed by the appellees that the assignment interposed no obstacle to their attachment, for that they assert that the property assigned was partnership property, belonging to Gabrielsky & Friedlander who were their debtors.

Pending this proceeding the appellees obtained a large judgment against Gabrielsky & Friedlander in the action in which the attachment was sued out. On the trial that judgment was offered in evidence, and it is urged that this was error; but an inspection of the record does not show that this was objected to. It was not necessary for the appellees to show that they had obtained a judgment against Gabrielsky & Friedlander, but if they were permitted to prove that fact, without objection, it is too late to object to it for the first time in this court. That judgment as against Gabrielsky and Friedlander is conclusive evidence of their indebtedness to the appellees. An assignee may show, when property in his hands is levied upon for the debt of an assignor, that no such debt in fact existed, and when a judgment on a debt so claimed is obtained, in a proceeding to which the assignee was not a party, he might, in behalf of creditors, show that the judgment was not obtained upon an existing debt, and that it was obtained through collusion between the assignor and the person claiming to be a creditor. But in a proceeding to try the right to property levied upon, if an assignee desired to show such facts he should make an issue under which such a question could be considered. It appears from a bill of exceptions that a copy of the writ of attachment under which the property was siezed was offered in evidence; but we do not find it in the statement of facts, nor does the bill of exceptions set it out.

The bill of exceptions shows what the objections urged were, but it does not show that the paper upon its face was subject to any such objections. The writ of attachment, we learn from the sworn claim made by the appellant, issued from the district court for Galveston county, and it was levied in Rusk county. In such case the law requires the original writ to be returned to the county from which it issued, but requires that the officer making the levy shall return the claim, bond and a copy of the writ to the court of the county in which the levy is made, having jurisdiction to adjudicate the claim. R. S., 4829.

The statute provides that the copy thus returned "shall be received in evidence in like manner as the original could be." R. S., 4842.

The record shows that such a copy was returned, and it was in due form and purported to have been issued by the proper officer under

his official seal. No issue was made as to the existence of a valid writ of attachment under which the levy was made, and it would seem to us that in such case the claimant's oath and bond reciting the existence of such a writ and a levy under it would render it unnecessary to offer the writ of attachment, or a copy of it, in evidence, though in the case of Latham v. Selkirk, 11 Tex., 320, it seems to have been thought necessary to offer in evidence the copy of an execution under which a levy was made in order to show that the person in whose name it ran was a creditor of the person through whom the claimant asserted title, through a conveyance claimed to have been made in fraud of creditors. But be this as it may, the bill of exceptions is insufficient to show that any error was committed.

There are several assignments of error which relate to the admission of the answers of several witnesses to interrogatories of which the numbers are given, but neither the interrogatories nor the answers are set out in the bills of exceptions. The statement of facts relating to the testimony of these witnesses is made up in narrative form, with nothing to indicate what any interrogatory or answer thereto may have been. In this state of the record we cannot know what evidence was objected to, and therefore cannot revise the ruling of the court below. The appellant holding, as the assignee of Gabrielsky, any evidence which would be admissible against Gabrielsky to show that he and Friedlander were partners would be admissible, subject to the rule that the declarations of an assignor, made after an assignment, cannot be received as evidence against the assignee, unless under special circumstances.

It was proper to show the course of business between Gabrielsky and Friedlander, and between them and other persons with whom they had dealings, in so far as this tended to show what the true relation between them was. It was also admissible to prove the declarations of Gabrielsky, made before he executed the assignment, that he and Friedlander were partners, and so, whether Friedlander or the assignee were present at the time or not. The declarations of Friedlander, made before the assignment, to persons who had been referred to him by Gabrielsky as his partner, were also admissible to show that they were partners. There may have been some evidence admitted which should have been excluded, but we cannot, on the bills of exceptions before us, assume that such evidence was objected to.

The letter of credit given to Gabrielsky which recited the fact that Friedlander was his partner, given under the circumstances stated, was admissible, and the absence of the original was sufficiently accounted for to authorize the use of a copy. The court instructed the

jury that they should not consider any declaration made by Gabrielsky or Friedlander as to the existence of a partnership between them, unless such declarations were made when they were both present. This certainly gave to the jury a rule for their guidance more favorable to the appellant than he was entitled to, and it is not likely that the appellant suffered any injury from the admission of any evidence offered to prove the partnership.

The appellant asked the following charge: "And coming to your conclusions as to said partnership, you are instructed, that you cannot consider any declarations made by said Gabrielsky or Friedlander, (before or after said assignment) unless made in the presence of defendant, Still."

The court did not err in refusing to give this charge. The appellant does not occupy the position of a *bona fide* purchaser of property from one having the legal title, and he must hold it subject to the rights of all persons having claims against Gabrielsky & Friedlander, if they were partners, and the property partnership property, and whether such was their true relation or not, may be shown by such evidence as would fix upon Gabrielsky, as partner, a liability for the acts of Friedlander.

The appellant asked the following charges: 1. "The deed of assignment read in evidence from L. Gabrielsky to T. H. Still is valid on its face, and *prima facia* passed the title of the property in litigation to Still for the benefit of all the creditors of said Gabrielsky. But plaintiffs allege that said deed is in fact void and passed no title to Still, because L. Gabrielsky at the time he made said deed, and before, had a partner by the name of Adolph Friedlander, who was part owner of said property, and who failed to join said Gabrielsky in said deed, thereby rendering said assignment void, and conveying no title to Still."

2. "Now you are instructed that the burden of proving the things which render said assignment void, rests upon Focke & Wilkens, and to render said deed of assignment void, plaintiffs must prove, 1st, that at the date of its execution Adolph Friedlander was the partner of said Gabrielsky; and, 2d, that said Friedlander had property not exempt from execution that did not pass by said deed."

4. "And if you believe from the evidence that at the date of said assignment Adolph Friedlander was a partner of L. Gabrielsky, and also that he, Friedlander, had property not exempt from execution, that did not pass by said assignment, then you will find the property in litigation subject to the plaintiff's attachment, which will be a verdict for plaintiffs. But if you believe from the evidence that said Fried-

lander was not a partner of Gabrielsky, or if he was, that he had no property in his own right except what is included in the assignment, then you will find the property not subject to the attachment, which will be a verdict for defendant.

5. "Defendant further asks the court to instruct the jury that if they believe from the evidence that Gabrielsky and Friedlander were partners, but that all the property they both owned was held under the name of L. Gabrielsky, and that title to all of their property was vested in that name, and that Friedlander consented to and acquiesced in said assignment, then all the property of both of said parties passed by said assignment, and you will find for defendants."

These charges were refused upon the ground that in so far as correct they were embraced in the charge given; and an inspection of the charge given shows that the substance of all these charges, except the first clause of the second charge, was given in charges reiterated and elaborated. The part of the second charge which related to the burden of proof, if it had stood alone ought to have been given. We deem it unnecessary to discuss the several charges asked and refused, and the charge is given separately, and will only consider the general questions as they are presented in these charges.

Under the evidence, the charge of the court, and the verdict of the jury it must be held that Gabrielsky and Friedlander were partners. That Focke & Wilkens were creditors of the firm, composed of these persons, cannot be denied. The deed of assignment under which the appellant claims, was executed by Gabrielsky alone; and it does not on its face purport to convey the interest of the co-partnership, but assumes to convey the property of Gabrielsky. It is true that one partner may sell or assign his interest in co-partnership property, but this will only pass such interest as he may have upon settlement of the partnership business.

Partnership creditors and the other partner have a claim which has sometimes been said to amount to a lien upon the partnership property, which is superior to that which any person can take by the purchase or assignment of the interest of a partner. This claim or right, after the sale or assignment of the interest of one partner, may be enforced by any creditor of the partnership through an execution under a judgment against the partnership; and after such a sale or assignment of one partner's interest, any creditor of the firm, if the facts justify the suing out of such process, may lawfully cause an attachment to be levied upon the co-partnership property. The fact that business may be done by a firm in the name of one of its members, does not make it the less necessary that an instrument by which the

partnership property is to be assigned shall show that it is thereby intended to pass the partnership property, than it is when the business is done in the name of all the partners.

The assignment by Gabrielsky bears no evidence of an intention to convey any right or title in the assigned property other than his own right and title. It is true that the instrument shows an intention on his part to convey the entire title to or interest in the property assigned; but in the deed of assignment he assumes to be sole owner and ignores the fact that such is not the case. He did not intend to convey the interest of the firm which he now denies ever existed. Unless that interest was conveyed by his deed it must be held insufficient to deprive any firm creditor of the right to have it seized and sold to satisfy a firm debt; and looking only to the face of the deed, with the conclusive finding that the property belonged to the firm composed of Gabrielsky and Friedlander, it would seem that the case might here end. It is claimed, however, if Gabrielsky and Friedlander were partners and owned, as such, the property assigned by the former, that the business was done in the name of Gabrielsky; that Friedlander consented to the assignment, and that therefore the title passed to the assignee, freed from liability to attachment at the instance of a firm creditor.

The court so charged, in effect; but, notwithstanding this, the jury returned a verdict against the assignee, and this finding negatives the claim that Friedlander consented that the title of the firm should pass by the deed of assignment made by Gabrielsky. It seems to us that the evidence would have justified a finding that Friedlander advised some assignment. He, however, was not made a witness in the case. In the view we take of another feature of the case, it seems to us that the assignment cannot stand against creditors. The assignment is, in terms, made only for the benefit of such of the creditors of Gabrielsky as he will consent to take under it and release him. Those persons to whom, the firm of which he was a member, was indebted, (and there seems to be such creditors holding claims for large sums) are creditors who would be entitled to take under the assignment, as well as his individual creditors. Creditors of the first class are entitled to look to the partnership effects, as well as to the effects of each partner for the payment of their claims. Before he can require creditors, having such rights, to release him as a condition on which they may take under the assignment, it is incumbent upon him to place it clearly within the power of such creditors and the assignee, through and by means of the very assignment which imposes such terms, to subject to the

payment of their claims every particle of property subject to their payment. This must be done by the deed of assignment. It has not been done.

If it be conceded that the assignment passed the firm property, and all the property owned by Gabrielsky in his own right and subject to forced sale, this would not be enough to sustain such an assignment as this. The claim that Friedlander had no property subject to his debts cannot cure the defect, for this is not a matter which the insolvent debtor can assume to decide for himself, or leave open to speculation while imposing upon creditors onerous conditions without compliance with which they can receive nothing under the assignment. There can be no pretense that any property Friedlander may have owned, other than his interest in the partnership, passed by the assignment; as to other property, neither the assignee nor creditors, through the assignment, can assert any claim. The title to it is left in him; neither the creditors nor the assignee have a grasp upon it such as an assignment of it would have given. He may conceal it, or secretly or openly sell it; the title is in him, and he may deal with it as owner. He is not subject to an inquisition under oath either as to the existence of property not turned over, or as to its unlawful transfer or concealment. Had he joined in the assignment, property he may have transferred in contemplation of the assignment, or with intent to defeat, delay or defraud his creditors, or with intent to give unlawful preference to one creditor over another, would have passed; he might have been brought before a court and made to disclose any secreted or concealed property, and for such secretion or concealment, or fraudulent transfer, made in contemplation of the assignment, the law would hold over him a penalty no less than confinement in the penitentiary. Act, March 24, 1875; secs. 9, 10, 11; Act, April 7, 1883, General Laws, p. 47.

A valid assignment gives these safeguards to creditors, but under an assignment, in effect only partial, they do not exist, and, in such case, the law does not withhold from creditors any of the ordinary remedies to collect debts. There can be but two classes of valid assignments, unless a corporation may make an assignment under the Act of March 24, 1879:

1. An individual may make an assignment, for the benefit of his creditors, when the facts contemplated by the law exist, and it may be he can do this, although a member of a partnership; but, if so, his assignment will only pass his individual property and his interest in the partnership assets; but, in such case, the partnership assets, so far as necessary, will be subject to seizure under attachments, and sale under execution to satisfy partnership debts, as will they be subject to

such claims as the other partner or partners may have in the settlement of the partnership business.

2. A partnership may make an assignment for the benefit of creditors, but in such case, the property of the partnership, and the property of each member of it, which is subject to forced sale, must pass by the assignment. Donaho v. Fish Bros. & Co., 58 Tex., 164; Coffin v. Douglass, 61 Tax., 406.

The charge referred to in the tenth assignment of error, though not expressed in very clear terms, could not have been understood by the jury, to assert an erroneous proposition, and the charge referred to in the twelfth assignment, was correct. The entire charge presented the case to the jury more favorably to the appellant than the law applicable would justify.

In the appellant's motion for new trial, he stated that he had paid to attorneys in the prosecution of this case, the sum of $1,600, and that he had incurred other expenses amounting to $400, in the management of the property, and he asked that the judgment be so reformed as to allow him these sums out of the proceeds of the property. It is now urged that the court erred in not granting this relief. It does not appear that any evidence was offered to show that the claims, in any case, would be proper; and it is, therefore, unnecessary to consider whether an assignee acting under, and incuring expenses in attempting to carry out an invalid assignment, ought, if he acted in good faith, to be allowed his reasonable and necessary expenses. If they could be allowed in such a case, no court would be justified in allowing them upon the mere averment that such expenditures had been made. The record contains no suggestion of the death of any party to the claim, and courts cannot judiciously know such things.

The bill of exceptions shows that this case has been twice tried before juries, with the same result. There is nothing in the record to show that the appellant has not had a fair trial; the evidence on the question of partnership was conflicting, and had the verdict been different we could not have said that there was not evidence to support it; yet the jury have found that the partnership existed, and there being evidence to support it, the judgment must be affirmed.

It is so ordered.

AFFIRMED

[Opinion delivered December 3, 1886.]