## No. 2317.

### BAYLOR COUNTY *v.* J. T. CRAIG.

1. ASSIGNMENT.—An assignment requiring releases from creditors, when made by a member of a firm, in the firm name, and by himself individually, in which he is not joined by his copartner, is void as to creditors.

2. SAME.—If the maker of an assignment for the benefit of creditors has represented another as being a member of his partnership firm, and he afterwards makes an assignment for such partnership, in which such other does not join, then, even though no partnership existed, the assignment is void as to creditors to whom such representations were made.

3. ESTOPPEL.—As a general rule, an estoppel created by a false representation acted upon, is commensurate with the thing represented, and operates to put the party entitled to the benefit of the estoppel in the same position as if the thing represented was true.

APPEAL from Clay. Tried below before the Hon. P. M. Stine.

*Robertson & Coke,* for appellant: A statutory assignment for the benefit of creditors, in Texas must provide for the distribution of property assigned, among all of the assignor's creditors, or such of them as will accept their proportional share of his estate and discharge him from their respective claims, provided the creditor receives as much as one third his allowed demand—and an assignment expressly for the benefit of a portion only of the assignor's creditors will not be aided by the statute, but will be void; cited Acts of Legislsture, March 24, 1879, section 1, page 57; Acts of Legislature, April 7, 1883, section 1, page 46; Donoho v. Fish Brothers & Company, 58 Texas, 167; McWilliams v. Cornelius Brothers & Company, 66 Texas, 301.

One who allows himself and is held out to the world as the

partner of another in a given business or enterprise, and is generally believed by the public to be a partner, is an ostensible and nominal partner, and is as much liable to a creditor contracting with the concern and believing him a partner as if he were a partner in fact. (Donoho v. Fish Brothers & Company, 58 Texas, 168; Still v. Focke, 2 Southwestern Reporter, 63; same case, 66 Texas, 715; Burrill on Assignments, section 197.)

*Barrett & Stine*, for appellees: If J. N. Israel alone conducted his individual business under the name of "C. W. Israel & Co." then "C. W. Israel & Co." was simply J. N. Israel, and a deed of assignment by J. N. Israel executed in the name of C. W. Israel & Co. and J. N. Israel for the benefit of the creditors of C. W. Israel & Co. would inure to the benefit of all the creditors of J. N. Israel. (Acts of Legislature, April 7, 1883, section 2, pages 46, 47; Laws of 1879, page 57, section 1, and page 60, section 18; Laclede Bank v. Schuler, 120 United States, page 517.)

To render a deed of assignment for the benefit of creditors void because not executed by all the partners, those not executing it must be shown to be partners inter sese. (Adee v. Cornell, 25 Hun (New York), 78; Adee v. Cornell et al, 93 New York, 572.)

GAINES, ASSOCIATE JUSTICE.  J. N. Israel having been engaged in a banking business at the town of Henretta, in Clay county, under the name of C. W. Isreal & Company, on the twenty-fourth day of October, 1885, made a deed of assignment. C. W. Israel was his son and was employed before the failure in and about the bank, his name appearing on the signs and the letter heads of the concern as a partner in the business with his father.  He was also generally understood to be a member of the ostensible firm.  Before the assignment, the county judge of Baylor county, acting for the county, deposited in the bank a large sum of money belonging to it—being informed and believing at the time, that C. W. Isreal was then a partner in the business of the bank.  One Davidson was made assignee in the deed but having failed to qualify, appellee was appointed in his stead, by the county judge of Clay county.  After this appointment, appellant brought suit in the district court of the last named county against J. N. Isreal and C. W. Isreal as partners composing the firm of C. W. Isreal & Company, and at the same time caused a writ of

garnishment to issue against appellee. Appellee answered setting up the deed of assignment, but admitting that he had received the sum of about twenty-two thousand dollars, the proceeds of the assigned estate, which he claimed was not subject to the writ.

The answer was contested on the ground, that as to appellant, J. N. Isreal and C. W. Isreal were partners in the business of C. W. Isreal & Company, and that therefore as to it, the assignment was void. In its original suit Baylor county recovered a judgment for twelve thousand three hundred and fifty dollars against J. N. Isreal and the firm of C. W. Isreal & Company, but not against C. W. Isreal individually, not having obtained service upon him on account of his absence from the State. Subsequently the issue presented by the contest of the answer of the garnishee came on for trial before the court without a jury and resulted in the court's holding the assignment valid, and in a judgment discharging the respondent with his costs. From that judgment this appeal is taken.

There was no conflict in the evidence, and the court found the facts substantially as they are hereinbefore stated. There was a special finding, that C. W. Israel was held out as a partner, but that he had no actual interest in the business of the pretended firm. The court also found that the garnishee had on his hands assets of the estate of the value of about thirty-five thousand dollars.

Appellant now complains that the court erred in holding the assignment valid, and seeks to establish its invalidity upon two grounds. But in the view we take of the case it is only necessary to consider one of these. It is insisted under the second assignment of error, that J. N. Israel having held out C. W. Israel as a partner in the business of C. W. Israel & Company, is estopped to deny that such relation existed, as to all creditors, who contracted with the ostensible partnership under that belief; that as to such creditors the estoppel makes C. W. Israel a partner to all intents and purposes, and that the latter not having joined in the deed of assignment and releases being required of all creditors accepting under it, it is therefore void as to them. In Donoho v. Fish Brothers & Company, 58 Texas, 167, this court held that an assignment requiring releases made by a member of a firm in the firm name and by himself individually, but not joined in by his copartners, is invalid as to creditors.

The same doctrine is applied in Still v. Focke, 66 Texas, 715, to the case of an assignment by a merchant who was doing business in his own name but had a secret partner; and the court in effect there say; that even conceding that the deed passed the partnership property and that the secret partner had no effects, still the assignment could not stand. Such is the settled law in this court; and if it be as appellant contends, that the effect of C. W. Israel's having been held out as a partner, is to place both him and J. N. Israel in the precise position as to the parties misled by their conduct, as if a partnership actually existed, then the assignment in this case comes strictly under the rule of the cases just cited and must be held void, as to the appellant in this appeal. We have no doubt the proposition so contended for, is sound. The law is thus stated by the Court of Appeals of New York: "As a general rule, the estoppel created by a false representation acted upon, is commensurate with the thing represented, and operates to put the party entitled to the benefit of the estopped in the same position as if the thing represented were true." (Gressler v. Powers, 81 N. Y., 57.) In Schwarz v. The Bank, 67 Texas, 217, this court applied the rule to its fullest extent, and held that Schwarz having estopped himself to deny that he was a single man, was to be treated in the decision in all respects as if he was unmarried, though the proof showed that in fact he had a living wife. It follows that the case before us is not distinguishable from Donoho v. Fish Brothers, and Still v. Focke, supra, and the assignment in controversy is therefore invalid and the judgment must be reversed.

Appellee prays in his brief that in event the judgment be reversed, he be allowed the sum of fourteen thousand five hundred dollars for his services, and for expenses, including attorney's fees incurred by him in the management of the estate; or, that if this can not be done the cause be remanded. But he admits in his answer that he has received as proceeds of his trust the sum of about twenty-two thousand dollars; and the court finds that he still has in his hands assets of the assigned estate (including doubtless the money so received) of the value of about thirty-five thousand dollars. The debt here sued for is twelve thousand three hundred and fifty dollars, exclusive of interest and costs. It therefore appears that after the payment of this debt, he will still hold in his hands assets of the value of about twenty thousand dollars—a sum amply sufficient, as must be presumed, to meet any lawful demands he may have against

the assigned estate.    An agreement on file shows that all prior
garnishments have been dismissed, so that appellant has the
first claim upon the fund.    Therefore the question of the just-
ness of the allowance claimed by the assignee does not arise
between the parties to this suit.    Should other garnishments be
served, and should the assets be not sufficient to pay them, af-
ter deducting the assignee's claim, the question will doubtless
come up.    The parties really interested in the issue then being
before the court, and having the opportunity to be heard, it will
be proper to determine it.

We are of opinion that the judgment should be **reversed and**
rendered for the appellant, and it is so ordered.

                                   *Reversed and rendered.*
Opinion delivered December 13, 1887.