COLLINS *v.* WOOD.

(*Jackson.* June 5, 1890.)

1. CHANCERY SALE. *Reopening of biddings. Partition.*

The rule that biddings at a chancery sale will be reopened before con-
firmation, upon the mere offer of an advance of ten per cent. upon
the former bid, does not obtain, even in cases of sale for partition,
where the application is to reopen the biddings a *second time.*

Cases cited and approved: Burris *v.* Click, 6 Heis., 539; Glenn *v.*
Glenn, 7 Heis., 367.

2. SAME. *Same. Case in judgment.*

After biddings had been once reopened, an offer of fifteen per cent.
advance was made to obtain a second reopening thereof. The sale
was for partition. There was no allegation of fraud or unfairness as
to former sale. The Chancellor reopened the biddings a second
time, over the purchaser's objection, and the land was resold to
another.

*Held:* It was error to reopen the bidding the second time, and that
first purchaser was entitled to the land.

FROM GIBSON.

Appeal from Chancery Court of Gibson County.
H. J. LIVINGSTON, Ch.

J. T. CARTHELL and J. C. McDEARMON for Collins.

J. S. COOPER and T. E. HARWOOD , *contra.*

LURTON, J. Under a sale for partition made by the County Court, Judge Carthell became the purchaser of the property in controversy. Before confirmation, and with his consent, the sale was set aside upon an advance bid being made, and the biddings re-opened. At this second sale T. J. Hayes became the purchaser, and the Clerk so reported. One W. T. Aiken thereupon, before confirmation, filed a petition proposing to advance the bid of Hayes fifteen per cent., and praying that the sale be set aside and the biddings re-opened a second time. No circumstance of fraud or unfairness was alleged. The Court thereupon set aside the sale to Hayes, and ordered a resale. At this third sale Aiken became the purchaser, and the sale was confirmed.

Hayes has filed the record for writ of error, and insists that it was error to refuse to confirm the sale at which he was the highest bidder.

The rule that a mere advance bid of ten per cent. will be sufficient to authorize the re-opening of the bids does not apply, even in case of sale for partition, to cases where the bids have been once re-opened upon an advance bid. *Burris* v. *Click,* 6 Heis., 543; *Glenn* v. *Glenn,* 7 Heis., 367.

The practical operation of that rule in the cases to which it does apply has not been such as to justify its extension to a second re-opening of the bids. Where the bids have been once re-opened,

Collins *v.* Wood.

a mere offer to advance the second sale price so small a sum as fifteen per cent. is not ground for again re-opening the bids. Where the advance is so small, there ought to appear some circumstance of fraud or unfairness which would make it inequitable to permit the purchaser at second sale to hold on to his advantage.

The second re-opening of the bids was error. The sale to Hayes should have been confirmed. The sale to Aiken will be set aside, and that to Hayes confirmed. Aiken will pay costs of this Court.