A. C. TURNER ET AL. v. E. G. DOUGLASS ET AL.

No. 6431.

1. **Assignment by Partnership—Release by Creditors.**—It is now well established in this court that an assignment providing for releases by creditors will not be held valid when made by a partnership unless all its members unite in making it.

2. **Holding out a Party as Member of Firm.**—The same rule as to assignments would obtain where a party was liable as a member by reason of his being held out as a member of the firm, so that parties were misled in their dealings with the firm.

APPEAL from Grayson.   Tried below before Hon. D. H. Scott.
The opinion contains a statement.

*J. T. Cunningham* and *E. F. Brown,* for appellants. —1.   A sale by one partner to his copartner dissolves the firm and deprives the retiring partner of any control or management of the business.   Moore v. Steele, 67 Texas, 435; Emerson v. Parsons, 2 Sweeny, 447; 1 Lind. on Part., 222, 231.

2.   Each partner has a concurrent interest in the whole of the partnership effects, and to this extent each is the creditor of the other.   Their liabilities are joint and several; the possession of one is possession of all. Ladd v. Griswold, 46 Am. Dec., 445; Pearson v. Keedy, 43 Am. Dec., 160; Morrison v. Blodgett, 29 Am. Dec., 654.

3.   The surviving partner upon dissolution by death or otherwise has the same rights and privileges under the law in closing up the business that the partnership had before dissolution.   White v. Ins. Co., 9 Am. Dec., 726; Ladd v. Griswold, 46 Am. Dec., 445; Houser v. Irvine, 38 Am. Dec., 769.

4.   A transfer by one partner to another is authority to him to make

an assignment of their joint stock for the benefit of their joint creditors. Welles v. Mathew, 30 N. Y., 349; Forbes v. Scannell, 13 Cal., 288.

5.   The lien of creditors on partnership property is derived through the partners themselves, and each partner has the right to protect himself in preserving this lien and subjecting the property of the partnership to the payment of their joint liabilities.   Moore v. Steele, 67 Texas, 435; Cleveland v. Battle, 68 Texas, 111; Ladd v. Griswold, 46 Am. Dec., 445; Phelps v. McNeely, 27 Am. Rep., 381, 382; Pearson v. Keedy, 43 Am. Dec., 160; Doner v. Staufer, 21 Am. Dec., 370.

6.   Upon the dissolution of an insolvent partnership it is the right of the joint creditors, or one of them for the benefit of all, to marshal the assets and force a distribution pro rata.   Pearson v. Keedy, 43 Am. Dec., 160; Egbert v. Wood, 24 Am. Dec., 236.

7.   The release of one partner after dissolution under the law of assignment does not operate a release of the other partner.   Russell v. Rogers, 13 Am. Dec., 327.

*Brown, Gunter & Bliss,* for appellees.—1.   Bates' pretended transfer of the property of his firm of Bates & Davis to Davis was fraudulent and void as to the firm creditors.   Ellis v. Valentine, 65 Texas, 532; Still v. Focke, 66 Texas, 715; Cleveland v. Battle, 68 Texas, 111; Baylor County v. Craig, 69 Texas, 330; Blum v. Simpson, 66 Texas, 84; Wegner v. Biering, 65 Texas, 506; Allen v. Carpenter, 66 Texas, 138; Oppenheimer v. Half, 68 Texas, 409; Blum v. McBride, 69 Texas, 60; Le Gierse v. Whitehurst, 66 Texas, 244; McKinnon v. Lumber Co., 63 Texas, 30; Lambeth v. McClinton, 65 Texas, 108; Greenleeve v. Blum, 59 Texas, 124.

2.   The assignment of Davis for the benefit of his creditors conveyed no title as against the firm creditors of Bates & Davis.   Still v. Focke, 66 Texas, 715; Baylor County v. Craig, 69 Texas, 330; Cleveland v. Battle, 68 Texas, 111; Donoho v. Fish Bros., 58 Texas, 164.

3.   Davis alone could not make a valid assignment of Bates & Davis' property for the benefit of their or his creditors.   Baylor County v. Craig, 69 Texas, 330; Still v. Focke, 66 Texas, 715; Cleveland v. Battle, 68 Texas, 111.

HENRY, ASSOCIATE JUSTICE.—Bates & Davis, a firm composed of R. P. Bates and R. J. Davis, were dealers in merchandise, and insolvent.

On the 9th day of November, 1885, Bates sold and delivered to Davis his entire interest in the property belonging to the firm, and Davis assumed the payment of all its indebtedness.   The sale was a secret one, and Davis continued to do business in the name of the firm at the same place, and after the sale purchased a bill of goods from Wells & Co. in the firm name.   Wells & Co. were ignorant of the dissolution of the partner-

ship and believed that they were selling the goods to the firm of Bates & Davis, as was well known to both Bates and Davis.

On the 23d day of December, 1885, Davis made an assignment of all of his property to A. C. Turner for the benefit of such of his creditors only as should consent to accept their proportionate part of the estate assigned and discharge him from their respective demands. The assignee qualified and took possession of the property.

M. D. Wells & Co. sued the firm of Bates & Davis for the recovery of their debt and caused the assigned property to be seized under a writ of attachment and sold.

This suit was brought by the assignee against the sheriff who seized the goods under the writ of attachment to recover their value. Upon the verdict of a jury judgment was rendered in favor of the defendants.

The act regulating assignments provides for two descriptions of assignment by an insolvent debtor; one providing for the distribution of the whole of his estate among all of his creditors, the other for its distribution among such of his creditors only as will consent to accept their proportional part and discharge him from their claims.

A number of cases of assignments of the description last named providing for the discharge of the debtor made by or for firms, but where all of the members of the firm did not join in the execution of the instrument, have been before this court and have been held inoperative because all of the members of the firm did not join in making them. Donoho v. Fish Bros., 58 Texas, 167; Still v. Focke & Wilkens, 66 Texas, 721; Coffin v. Douglass, 61 Texas, 410; Shoe Company v. Ferrell, 68 Texas, 639; Baylor County v. Craig, 69 Texas, 330.

It is now well established in this court that an assignment providing for releases will not be held valid when made by a partnership unless all of its members unite in making it. The cases but apply a well established rule. Burr. on Ass'., sec. 197.

In the case of Baylor County v. Craig, *supra*, the principle was applied to one who, though not a partner in fact, had been held out by himself and the debtor as one, and who was bound as such to the creditor. The sole owner of the property executed an assignment providing for releases, and it was held to be bad because the ostensible partner did not join in making it.

The following language used by Justice Gaines in that case is equally applicable to the one now before us: "It is insisted under the second assignment of error that J. N. Israel having held out C. W. Israel as a partner in the business of C. W. Israel & Co., is estopped to deny that such relation existed as to all creditors who contracted with the ostensible partnership under that belief; that as to such creditors the estoppel makes C. W. Israel a partner to all intents and purposes, and that the latter not

having joined in the deed of assignment, and releases having been required of all creditors accepting under it, it is therefore void as to them.

"In Donoho v. Fish Brothers, 58 Texas, 167, this court held that an assignment requiring releases made by a member of a firm in the firm name and by himself individually, but not joined in by his copartners, is invalid as to creditors. Such is the settled law in this court; and if it be, as appellant contends, that the effect of C. W. Israel having been held out as a partner is to place both him and J. N. Israel in the precise position as to the parties misled by their conduct as if a partnership actually existed, then the assignment in this case comes strictly under the rule of the cases just cited and must be held void as to the appellant in this appeal. We have no doubt the proposition so contended for is sound."

Under the undisputed evidence in the case before us we think that no other judgment than the one rendered would have been proper, and the judgment is therefore affirmed.

*Affirmed.*

Delivered June 13, 1890.