CHARLES P. KELLOGG & CO. v. W. H. CAYCE, GARNISHEE.

No. 3202.

**Sale to Partnership.** — June 11, 1890, three partners doing business in Cuero, Texas, mailed an application to Kellogg & Co., of Chicago, for the purchase of a bill of goods, accompanied with a statement of the financial condition of the firm, and showing its solvency. The application with statement was signed by each of the partners. June 30, Kellogg & Co. having examined the statement, ordered the goods to be sent, and they were shipped to the firm July 3. In the interval, June 27, 1890, one of the firm (whose name did not appear in the style of the firm) sold out his one-third interest in the firm to the other members, taking their note and liquidating a debt of $60 therefor. December 31, 1890, the two remaining members of the firm made an assignment of the partnership goods and of their individual property for

benefit of creditors consenting to their discharge. Kellogg & Co. obtained judgment on their account against the partnership firm, and personal judgment against all three of the original members. Upon the judgment garnishment was procured and served upon the assignee. Judgment was rendered in favor of the garnishee in the District Court. On appeal, *held:*

1. The offer to purchase by the three members of the firm and its acceptance before notice of the change in the members constituted a sale to the old firm.

2. An assignment in favor of consenting creditors made by a firm but not signed by all of its members and conveying their individual assets is invalid.

3. As the assignment was not signed by the third member it was invalid as to the plaintiffs Kellogg & Co.

APPEAL from De Witt. Tried below before Hon. H. CLAY PLEAS-ANTS.

No statement is necessary.

*Harwood & Harwood* and *Brown & Bliss*, for appellants.—It is now the well established rule in this court, that a general assignment made by a partnership for the benefit of such of their creditors as will accept their proportional share of the estate assigned and discharge them from their respective claims will not be held valid unless all of its members unite in making it. Turner v. Douglass, 77 Texas, 619; Baylor County v. Craig, 69 Texas, 330; Still v. Focke & Wilkens, 66 Texas, 715; Cleveland v. Battle, 68 Texas, 111; Donoho v. Fish Bros. & Co., 58 Texas, 168; Benj. on Sales, 4 Am. ed. (Bennett), sec. 202; Id., sec. 44, note A; Id., sec. 44, note E.

*Price & Green*, for appellee.—It is agreed between the parties to this suit, that the issue of law between them is whether, under the pleadings hereinbefore stated and the facts as agreed upon, the said deed of assignment is valid as against plaintiffs herein; and to complete our proposition, we say that the assignment of Galny & Co. as made is valid as against appellants, plaintiffs below. Sayles' Civ. Stats., art. 65c; Moody & Co. v. Carroll, 71 Texas, 143; Fant v. Elsbury, 68 Texas, 1; Hart v. Blum, 76 Texas, 113.

HOBBY, PRESIDING JUDGE, *Section A.*—Gerhard and Gus Galny and P. De la Fosse, constituting the firm of Gerhard Galny & Co., in Cuero, Texas, applied to appellants, Charles P. Kellogg & Co., a mercantile firm in Chicago, Illinois, to purchase a stock or bill of goods, accompanying the application with a statement of their financial condition, dated June 11, 1890, and signed by each member of the firm.

It appeared from the statement that the firm was solvent, and upon its examination, on June 30, 1890, appellants ordered the goods to be sent, and they were shipped to Galny & Co. on July 3, 1890, by appellants. In the interval between the application to purchase and the ship-

ment of the goods, and on June 27, 1890, De la Fosse sold his one-third interest in the firm to the Galnys for $1800, taking their notes and liquidating an account for $60 therefor. Appellants knew nothing of the sale of De la Fosse's interest nor of any change in the firm until the assignment in this case was made. On December 31, 1890, Gerhard and Gus Galny executed an assignment, transferring all of their own and the partnership property of Gerhard and Gus Galny for the benefit of such creditors as would discharge them.

On June 5, 1891, appellants had obtained judgment on their claim against the firm of Galny & Co. as originally composed, and against each member of that firm individually, and caused a writ of garnishment to be issued and served on W. H. Cayce, the assignee, who is the appellee in this suit. He answered, that he had in his hands $2833.40, which he held as assignee of Galny & Co., etc. But denied having any of the effects of the old firm.

The judgment of the court below was in favor of appellee. Appellants have appealed.

The question agreed upon by the parties and presented for our decision is, whether the assignment is valid as to appellants under the facts and pleadings in this case. The contention of the appellee is, that the goods not having been shipped or the debt contracted until after the dissolution of the old firm by the sale and transfer of De la Fosse's interest, therefore the firm composed of Gerhard and Gus Galny only was liable for the debt. This depends on whether, in contemplation of law, De la Fosse was, as to appellant, a member of the firm when the debt was contracted. If he was, then the next inquiry is, Was the assignment void because he did not unite in its execution? Upon facts in many features similar to those in this case, but not so strong in support of the principle there decided, it was held, in Baylor County v. Craig, 69 Texas, 330, that one who held himself out as a partner, and who the plaintiff was led to believe was a member of the firm, was estopped to deny that the relation existed as to creditors who contracted with the ostensible partnership under that belief. In the case cited, C. W. Israel, who was held by the court to be a partner, was not in fact a member of the firm.

In the case before us, the application to purchase the goods, accompanied with a statement signed by De la Fosse and the other members of the firm of Galny & Co. showing the financial standing of the firm, and dated June 17, 1890, show De la Fosse was in fact a member of the firm. It was upon the representations contained in this statement that the goods were shipped on July 3, 1890. Appellee contends, that De la Fosse having transferred his interest in the firm to the other members on June 27, 1890 (a fact of which appellants had no notice), he was not a partner, and the other members were alone liable for the debt.

A text writer on Sales says: "If an offer be made by letter to a party at a distance, it is presumed to be constantly repeated until the period of acceptance arrives, if it be within a reasonable time, up to which time it is to be inferred that the intention to contract continues. The person making the proposal is considered as renewing continually or keeping open his offer until the answer is sent, if within a reasonable period, and then the contract is completed by offer and acceptance." Benj. on Sales, sec. 44, and notes.

The proof shows clearly, that as to appellants, De la Fosse was a member of the firm at the time the debt was contracted. As such he was therefore liable. The assignment is by the firm of Galny & Co., executed by the two partners Gerhard and Gus Galny, conveying all of their property, as well as the firm's, except such as is exempt by law, and it exacts releases from accepting creditors. It does not purport to convey the property of De la Fosse. The question then is, Does the fact that De la Fosse did not join in its execution invalidate it, if it is good as to the other members of the firm? Appellants have a valid judgment for their debt against Gerhard and Gus Galny and De la Fosse, both as a firm and individually. All of the partnership and other property of the former two is assigned. All that De la Fosse has is placed within the creditor's reach by the judgment.

There is much diversity of opinion as to the validity of assignments exacting releases from the assignor's creditors. The rule in England is, that their validity is unaffected by this stipulation. In the United States it is said not to be uniform. In some of them they are upheld; in others they are declared valid to the extent of postponing nonreleasing creditors only; in others they are considered void absolutely. Id. In our State they are recognized as valid.

A partnership assignment stipulating for a release, but which did not on its face convey the property of each member of the firm, was the subject of discussion in Hennessy v. Western Bank, 6 Watts & Sergeant (Pa.), 301. It was there decided that such an assignment, which did not transfer the separate estate of each of the partners, was void. The creditors have a right, it was held, to require a transfer of all the property which would be liable to their debts; otherwise they could refuse to release and would not lose their recourse on the debtor's property, for as to those not coming to the debtor's terms the property remains the debtor's. As the debtor can make no stipulation to the advantage of himself or family, he can not withhold his separate estate. Burrill on Assign., sec. 197, and note.

In the case of Baylor County v. Craig, supra, the assignment exacted releases, and was not executed by all of those members who were held to be, as to the plaintiff, partners. Judgment in that case, as in this, was obtained by the creditor of the firm against the partner who exe-

cuted the assignment, I. N. Israel, and against the firm of I. N. Israel & Co., but not against the partner C. W. Israel individually, who had not joined in the instrument, as was obtained in this case against De la Fosse. Having held that C. W. Israel was, as to Baylor County, a partner, and he not having united in the execution of the assignment requiring releases, it was declared to be invalid for that reason. The court say: "It is the settled law of this State that an assignment exacting releases, executed by a member of the firm in the firm name and by himself individually, but not joined in by his copartners, is invalid as to creditors."

Donoho v. Fish Bros., 58 Texas, 167, is cited as announcing that doctrine. In the case last mentioned the court say: "The question to be decided is not whether one partner can without the consent of his copartner make an assignment of all of the copartnership property for the benefit of creditors, but can a copartnership, under the Act of March 24, 1879, make an assignment by a deed which upon its face purports to assign nothing but the partnership estate," and exacts releases from accepting creditors. In the present case the assignment conveys both the partnership and the individual property of all who execute it.

"One partner," it is said in the case of Still v. Focke & Wilkens, 66 Texas, 720, "may sell or assign his interest in the copartnership property, but this will pass only such interest in copartnership property as he may have on settlement of the partnership business.

"Partnership creditors and the other partner have a claim which has sometimes been said to amount to a lien upon the partnership property, which is superior to that which any person can take by the purchase or assignment of the interest of a partner. This claim or right, after the sale or assignment of the interest of one partner, may be enforced by any creditor of the partnership through an execution under a judgment against the partnership; and after such a sale or assignment of one partner's interest, any creditor of the firm, if the facts justify the suing out of such process, may lawfully cause an attachment to be levied upon the copartnership property. Creditors of the first class are entitled to look to the partnership effects as well as to the effects of each partner for the payment of their claims. Before he can require creditors having such rights to release him as a condition on which they may take under the assignment, it is incumbent upon him to place it clearly within the power of such creditors and the assignee, through and by means of the very assignment which imposes such terms, to subject to the payment of their claims every particle of property subject to their payment. This must be done by the deed of assignment. A valid assignment gives these safeguards to creditors, but under an assignment in effect only partial they do not exist, and in such case the law does not withhold from creditors any of the ordinary remedies to collect debts."

In Turner v. Douglass, 77 Texas, 621, the Supreme Court say: "The act regulating assignments provides for two descriptions of assignments, * * * one providing for the distribution of the whole estate among all of his creditors, the other for its distribution among such * * * as consent to accept their proportional part and discharge him from their claims." A number of those of the latter class, but where all of the members of the firm did not join in the execution of the instrument, have been before the Supreme Court, and were held inoperative, for the reason that all of the members did not join in making them. It is now the well settled law of this court, that an assignment providing for releases will not be held valid when made by a partnership unless all of the members unite in making it. This principle was applied in Baylor County v. Craig, 69 Texas, 330, to one who, though not in fact a partner, had been so regarded by the public and the creditor in that case. He was held bound to the latter as a partner of the firm, and an assignment in which he had not joined was for that reason held void."

It can not be controverted that these authorities are decisive of the question raised in this case. It is manifest, that under the application of the doctrine announced in the cases referred to, De la Fosse was, as to appellants, a copartner in the firm of Galny & Co., which firm consisted of Gerhard and Gus Galny and De la Fosse, and contracted the debt and made the account due appellants. It follows, also, from these cases, that as De la Fosse did not unite in making the assignment, it is void as to appellants, for the reason that a partnership assignment not executed by all of the members of the firm is void as an assignment.

We think, therefore, the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted March 26, 1892.