GEORGIA MAE RICHARDS, Adm'x, etc.

*v.*

BOBBY RICHARDS et al.

(*Nashville*, December Term, 1958.)

Opinion filed April 8, 1959.

E. D. JACKSON, Nashville, for Georgia Mae Richards.

ROBERT H. COWAN, Nashville, for Guardian Ad Litem.

BASS, BERRY & SIMS, Nashville, for First American National Bank.

CHAS. H. WARFIELD, Nashville, for Nathan Wall.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is an insolvency proceedings in the Chancery Court at Nashville, and resulted in a bill being filed by complainant below, Mrs. Georgia Mae Richards, as Administratrix of the estate of Gus Richards, deceased, to have the real estate owned by the deceased sold for the payment of debts. The minor and adult children of Gus Richards, deceased, were made parties to the bill.

In due course, there was a decree for the sale of the property and it was sold by the Clerk and Master. After the first sale the bid was advanced by the Chancellor

ordering that the property be resold. The second sale was duly conducted by the Clerk and Master, and the best and highest bid was made by Nathan and Roberta Wall. Before a confirmation of the Clerk and Master's report a petition was filed by a third person, one Coarsey, not a party and prayed that the second sale be set aside and that the property be sold a third time.

The Chancellor dismissed the petition of this third party and complainant and the guardian *ad litem* appealed the Court refusing to set aside the second sale.

It appears that there was no fraud or unfairness in the second sale; that the second sale was properly conducted and that the petitioner, who prayed for the sale to be set aside showed no reasonable excuse for not bidding at the second sale.

Defendant, the guardian *ad litem,* insists that since there was a substantial offer to raise the bid on the second sale then a third sale should have been conducted.

It should be borne in mind that the first sale was regular as was the second sale.

The Chancellor refused to open the biddings or to conduct a third sale in the absence of showing that there was fraud or some extraordinary circumstances.

It was held that a resale of property in Chancery will not be held and the biddings will not again be reopened, except under extraordinary circumstances. Citing *Click v. Burris,* 53 Tenn. 539.

It was later held in *Collins v. Wood,* 88 Tenn. 779, 14 S.W. 221, that where the bid in a chancery sale has been once opened, a mere offer to advance the second

sale price by 15% is not ground for again reopening the bid unless there appear some circumstances to show fraud or unfairness.

■ Sale of property in Chancery where minors are involved is under the supervision of the Chancellor and his approval of sale is within the discretion of the Court. See *Jones v. Sharp*, 56 Tenn. 660.

■ In the present case there is no intimation of fraud nor does there appear to be any extraordinary circumstances that would justify the court in ordering a third sale.

After the bid was raised in the present case the property was resold and was struck off at $14,000. Thereafter, Mr. Coarsey filed his petition offering $16,000 for the property and prayed that the Chancellor set aside the second sale. Mr. Coarsey stated that he did not bid at either the first or second sale of the property.

It appears that he had no interest in the land nor the proceeds thereof and he showed no reasonable excuse why he did not bid at the second sale of the property.

Under these circumstances the Chancellor dismissed his petition and we find no error in this.

In discussing sales of property in Chancery Mr. Gibson is definite that the Chancellor should not reward negligence of bidders by opening the bidding. Gibson, Suits in Chancery, Fifth Edition, sec. 681. See also *Winchester v. Winchester*, 38 Tenn. 460.

It results that we find no error in the decree of the Chancellor and it is affirmed.