## S. R. STILES ET AL. v. HILL, FONTAINE & Co.

(Case No. 1766.)

1. ASSIGNMENT — CHATTEL MORTGAGE.— An instrument, giving to grantees the power to take possession of, control, and sell the merchandise of the makers to secure a debt, carries with it all the incidents of a mortgage and does not operate as a deed of assignment. La Belle Wagon Works v. Tidball, Van Zandt & Co., 59 Tex., 292.
2. SAME.— Though such instrument provided that the residue of property mortgaged, after a sufficiency had been sold to pay the makers' debt, should be returned to them, the provision does not impair its validity as a mortgage.
3. WRONGFUL ATTACHMENT.— Property rightfully in the possession of the mortgagee, exceeding in value the debt it secures, can be attached as against the mortgagor, but, unless the mortgage debt be first paid, the sheriff himself cannot take possession of it, but the levy must be made in accordance with Revised Statutes, secs. 167, 2292, 2296.
4. SAME — PARTIES.— When so taken, the mortgagees may proceed directly against the sheriff and his sureties; but it rests upon the sheriff to take such steps as would bring parties on his indemnity bond promptly before the court.

APPEAL from Red River. Tried below before the Hon. R. R. Gaines.

Rogers & Atkinson, merchants at Walker Station in Red River county, became indebted to Hill, Fontaine & Co., the appellees, in the sum of $840. To secure this debt, P. H. Rogers, for the firm (Atkinson acquiescing), executed to appellees an instrument conveying to the latter their entire stock of goods and giving them immediate possession, with the power to sell the same, until a sufficient amount had been realized from the goods to pay off this indebtedness, when the residue of the property was to be turned over to Rogers & Atkinson. In accordance with this instrument, S. J. Johnson, as appellees' agent, took possession for them, and appointed Rogers and J. A. Mosely to sell the goods. Immediately afterwards, S. R. Stiles, sheriff of Red River county, levied upon and seized the goods by virtue of an attachment issued out of the district court of Red River county against Rogers & Atkinson, and sold the same under an order of sale from the judge of that court. The value of the goods seized was $2,000. Appellees brought this suit against Stiles, the sheriff, and the sureties on his official bond, for damages for wrongful attachment of goods, and recovered a judgment for the amount of their debt, with costs.

*Taylor & Chambers*, for appellants.

*Dudley & McDonald* and *Sims & McDonald*, for appellees.

STAYTON, ASSOCIATE JUSTICE.— The instrument through which Hill, Fontaine & Co. claim to have acquired rights does not bear on its face any evidence whatever that it was intended to operate as an assignment for the benefit of creditors under the act of March 24, 1879.

On the contrary, it purports to be just what it is, a mortgage with power to sell given to secure a debt which its makers, Rogers & Atkinson, owed to the appellees, and it carried with it all the incidents of such a mortgage, whether expressed or not.

In La Belle Wagon Works v. Tidball, Van Zandt & Co., 59 Tex., 292, it was held that the act of March 24, 1879, in no manner interfered with the long recognized right of a debtor to give preferences to one or more creditors; and that the sole prohibition to the giving of such preferences contained in that act related to preferences attempted to be given in assignments made under its provisions; and we see no reason to doubt the correctness of the conclusion reached in that cause.

There is nothing on the face of the mortgage which would have authorized the court below to hold it void.

That the instrument contained a provision that the residue of the property mortgaged, remaining after a sufficiency thereof had been sold to pay the debt due to appellees, and the necessary costs of care and sale, should be returned to the makers of the mortgage or to such person as they should direct, in no way impaired its validity; for in the absence of such a provision the law would compel the restoration to the mortgagors of any part of the mortgaged property remaining in the hands of the mortgagees after their debt and proper charges were paid.

The property mortgaged seems to have exceeded in value the sum due to the mortgagees, and the whole property may have been subject to attachment, in order that any excess after paying the debt due to appellees, and proper charges, might be subjected to the payment of the debt for which the attachment was made; but as Rogers & Atkinson were not entitled to the possession of the property, as against the appellees, it should not have been taken from their possession unless their debt was first paid; but the levy should have been made in accordance with the provisions contained in arts. 167, 2292, 2296, R. S.

This was not done; but the mortgaged property was taken from the possession of those entitled to hold it until their debt and proper charges were paid, and was subsequently sold under an order of court in which the cause in which the attachment was issued was

pending. The appellees were not bound to follow the mortgaged property, but might, as they did, proceed directly against the sheriff and the sureties on his official bond.

The persons who made the indemnity bond to the sheriff might have been made parties to the suit and their liability to the sheriff have been determined; but it certainly rested on him to take such steps as would bring them before the court promptly, that the cause of the appellees should not be delayed.

No steps were taken to do this, further than by the answer to ask that they be made parties. No objection was made, so far as the record shows, to proceeding with the cause without such parties; but if it had been made, the court would have properly disregarded it, for the want of such parties would not have furnished any sufficient reason for delaying the trial of the cause.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered November 18, 1884.]