## Box *v.* Goodbar.

Decided November 29, 1890.

1. *Mortgage—Evidence* aliunde *to explain.*

     While an instrument in form a mortgage is presumed to have been intended as such, evidence *aliunde* is admissible to show that it was intended to be an absolute conveyance.

2. *Mortgage—When an absolute conveyance—Assignment for creditors.*

     In a deed of trust by an insolvent debtor conveying all his property not exempt, conditioned to be void if the debts secured were paid at maturity, it was provided that upon default the trustee should sell the property and apply the proceeds in payment of the debts, some of which, it appeared, were already due. The trustee took immediate possession under the power to sell.

     *Held :* That there was evidence to sustain a finding that the parties intended an absolute conveyance to a trustee, constituting an assignment for the benefit of creditors; and that such conveyance was void, not being executed in accordance with the statute regulating assignments.

3. *Attachment – Judgment against interpleader.*

A judgment against an interpleader in an attachment suit for the amount of the defendant's indebtedness is erroneous. (See Mansf. Dig., secs. 390–4.)

APPEAL from *Monroe* Circuit Court.

M. T. SANDERS, Judge.

Attachment by Goodbar & Co. against John T. Box. White interpleaded for and retained the property, claiming under a deed of trust, in the nature of a mortgage, from Box. The court trying the case found that the parties intended to make an absolute appropriation of the property for the benefit of creditors, and held the conveyance void. The attachment was sustained, and judgment rendered against the interpleader on his bond for the amount due plaintiff. Inter pleader and defendant appealed. The facts are stated in the opinion.

*Dan W. Jones* and *T. B. Martin* for appellants.

1. The instrument was a mortgage, and the fact that a trustee was named cannot change the real nature of the instrument. It was not executed for the purpose of making an irrevocable and indefeasible appropriation of property to the payment of debts, and was therefore a deed of trust in its technical sense. But it was given to *secure* the debts named, and certain preferences among creditors. It was acknowledged and recorded. 31 Ark., 429; Mansf. Dig., sec. 4712; 33 Ark., 203; Mansf. Dig., sec. 4759; 39 Ark., 68, citing 1 McCrary; 1 Fed. Rep., 768. A deed of assignment is absolute—a mortgage conditional. 15 Ark., 60; 31 Ark., 437; see the distinction in 16 Oh., 216; 5 *id.*, 130; 21 N. Y., 131; 14 Fed. Rep., 160; 67 Tex., 315; 19 Iowa, 479; 58 Iowa, 589; 47 Ind., 372; 49 Wisc., 486; 62 *id.*, 554.

The deed in this case differs from that in 52 Ark., 31, in form, and there is a marked difference in the *intention* of the parties. See also the test as laid down in 53 Ark., 101 ; 13 S. W. Rep., 423. By the terms of the deed, no other creditor "can call the grantee to account for the proceeds of the property." *Ib.*

2. The judgment is erroneous on its face, as it was against the interpleader and his sureties, for the amount of appellee's debt. Mansf. Dig., secs. 390, 391, 394; 37 Ark., 531.

*N. W. Norton* for appellee.

1. The conveyance was an assignment: (1) there was a a trustee; (2) the purpose was to pay debts; (3) it *embraced all his creditors*; (4) the debts were *partly due* and partly not due. Defeasance clauses are no longer the test. 31 N. W. Rep., 386; 4 Oh. St., 602. This case is settled by 52 Ark., 42.

2. The court's finding of fraud was sustained by the evidence.

**1. Mortgage —Evidence *aliunde* to explain.** HEMINGWAY, J. In this class of proceedings an inspection of a deed furnishes *prima facie* evidence of its character, but not conclusive; for proof may be made *aliunde* that a deed absolute in form was intended as a mortgage, or that a deed conditional in form was intended to be absolute, and that the condition was inserted to disguise its real character. *Richmond* v. *Miss. Mills*, 52 Ark., 30.

**2. When a mortgage in form is an assignment.** The conveyance from Box to White, as trustee, contained a formal clause of defeasance by the terms of which the deed was to be void if Box should pay the debts therein provided for as they matured. The deed provided that, upon default in paying said debts as they matured, White should take possession of the property conveyed and sell the same for cash in due course of business for thirty days, and if at the expiration of that time any of said debts should remain unpaid, he should sell the property at auction for the payment thereof. As a part of the debts were past due when the deed was executed, the condition was, by its terms, broken at the time of execution, and the trustee immediately took possession under the power to sell the property in course of trade. Although it was not expressly so provided, it was clearly implied that the funds should be applied to the extinguishment of the

debts as the goods were sold. Box was heavily indebted, and the conveyance covered all his property not exempt from execution.

Upon the foregoing facts, the court was justified in finding that the parties intended to make an absolute conveyance of property to raise funds to pay debts. Upon that finding it would follow that the instrument was an assignment; for the grantee in it is named as a trustee accountable to various persons for the execution of the trust. *Fecheimer* v. *Robertson*, 53 Ark., 101; *Richmond* v. *Mississippi Mills*, 52 Ark., 30. As it was not executed in accordance with the assignment laws of the State, it was a fraud upon the creditors of Box; and the judgment should have been against White for a return of the property received by him upon the interplea, and against Box sustaining the attachment.

The judgment against the interpleader for the amount of plaintiff's judgment was erroneous. The judgment will be reversed, and the cause remanded, with directions to enter judgment as above indicated.

3. Judgment against interpleader in attachment.