Nott, J.,
delivered the opinion of the court:
In both of these cases the claimants, being infants and residents of Mississippi, brought their respective actions, by their guardians, to recover the net proceeds of captured cotton, under the “Abandoned or captured property act.” The petition in each case was filed the 31st March, 1868, and within the two years prescribed by the act. The defendants raised no objection to the form of the action, nor to the right of the claimants, to recover as heirs of the owners of the captured property, until the 10th June, 1869 — that is to say, until after the period for bringing such actions had expired, when they filed their pleas in abatement, in -the nature of a demurrer, because the actions should have been by and in the name of an executor or administrator. • The claimants now acknowledge their error and ask for leave to join the respective administrators as co-claimants. In the first case the guardian and administrator are one and the same person; in the latter they are different.
It seems to the court extraordinary that an action should be brought in the name of the heir and not of the administrator for the recovery of personal property or its proceeds, unless *108 there be some special statute or practice in Mississippi to that effect, and none is shown. But we are not unmindful that the parties appealing for relief are infants, and that the power of the court should, if possible, be exercised in their favor.
The uAbandoned or captured, property act” is imperative that the owner shall prefer his claim in this court within two years after the suppression of the rebellion. The object of the statute was to secure all claims being presented within this fixed and definite period. It seems to us that the object of the statute was substantially attained if the real parties in interest notified the government by suit brought within the proper time of their interest in these particular proceeds in the Treasury, and that it is of little consequence whether the suit was commenced by the right or the wrong representative, so long as it was brought for the party really entitled to receive the net proceeds, and so long as the interest represented remains unchanged.
This latter qualification is probably the test of our power to grant relief. If the administrator does, in fact, represent other parties, it, in effect, will be bringing in new owners, who are barred by the statute. This we do not propose to do in granting the relief. Leave is given bo join the administrators as requested, but they must show in their supplemental petitions the condition of the estates they represent; and they must allege that the infant claimants are.the only parties in interest who will be benefited by a recovery or who will receive the net proceeds which may be recovered. These allegations may be traversed by the defendants, and, if so, will require from the administrators as full and satisfactory evidence of their right to the proceeds as any other issue in the respective cases.