Atkinson, J.,
delivered the opinion of the court:
The petition alleges the loss of 34 head of American horses and 250 head of stock cattle by the Comanche Indians in Erath County, Tex., on the 15th of September, 1866, valued at $4,050.
The petition was dismissed for the reason that the court was not satisfied that the party who brought the suit was the owner of the property at the time it was taken by the Indians.
*375 There is no controversy as to the amity of the Indians or the citizenship of the claimant.
The case is now before the court on a motion for a new trial.
The property for which claim is made belonged to William Martin’s widow and two sons — David A., the claimant herein, and a younger brother, George, who soon after the taking of the property by the Indians departed this life. The widow and mother intermarried with one-Yar-brough shortly after the death of her former husband, William Martin.
The case depends upon the construction of the will set forth in Finding V. Did the testator intend to give to his wife an absolute estate apart from his two sons, all of his personal property, or was it his intention only to convey to her a life estate ? If the former, this suit should have been brought by her in her own name and right, and if the latter the son (the claimant) would have such an interest as a remainderman as would save the claim from the bar of the statute of limitations.
It is a primary rule of construction of a will that the intention of the testator is to be obtained from the testament itself. Conflicting statements are to be reconciled and all of its parts are to be given effect. Every word shall have effect if it can be given without defeating the general purpose of the will, which is to be carried into effect in every reasonable mode.
Turning to the will, we find the frequent mention by the testator of his wife and children in the same sentence. The testator refers to the feeble healtli of his wife, and directs that in the event of her early death “ he wished his children and property controlled by Adelia Burnett and Armenia Burnett, but as long as his wife should live he wished her to be the sole executrix of his last will and testament.” This language implies that he only intended to convey to his widow an estate for life. He then says “ that her [his wife’s] will was his will, and that she, his said wife, should control his property in any manner that she might deem proper.” This sentence, if taken alone, might serve to pass an absolute title to the wife. But he goes on and adds “ that he desired no guardian for his children during the *376 life of his said wife, and that he further desired that his estate should not be. administered upon in any court, and that Amanda M. Martin, his wife, [should] have control of his property, both real and personal, so long as she lives, as well as his children’s; and that he only desired all of his effects managed to the interest of his wife and children during her life.” He then directs that in the event his wife “ should soon die ” his children should be reared and educated by the two Burnett women “ with what estate he hereby devises and leaves in and under the entire control of his wife.” The concluding sentence of the will is in the following words: “ That she [his wife] should be his sole executrix in the management and control of his real and personal property during her natural life."
The defendants contend that the intention of the testator was to convey to his wife absolutely all of his personal and real property by the will. With this contention we do not agree. The wording of the will as a whole clearly shows that the intention of the testator was to convey to the wife a life estate only.
In the leading case of Smith v. Bell (6 Pet., 68), where the testator gave all of his personal estate to his wife “to and for her use and benefit and disposal absolutely,” with a provision that the remainder after her decease should go to his son, the court by Chief Justice Marshall held that the latter clause qualified the former and showed that the wife only took a life estate. “ Even the words ‘ disposal absolutely,’ ” said the court, “ may have their absolute character qualified by restraining words connected with and explaining them to mean such absolute disposal as a tenant for life may make.” The learned Chief Justice then proceeded to show that other equivalent words might be used equally manifesting the intent of the testator to restrain the estate of the wife to her life, and that the words devising the remainder to the son were this equivalent.
While the testator in the case at bar expressed a desire that his wife should control his property in any manner that she might desire, and “ that her will was his will,” yet he qualifies this language by expressing the wish that his children should be cared for, reared, and educated with the *377 property devised; and, finally, that “ lie desired all of his effects managed to the interest of his wife and children during her life.” These restricting statements clearly show, as we have hitherto stated, that a life estate only was intended to be conveyed to the wife by the nuncupative will, and the interest of the claimant in the estate of his deceased father being that of a remainderman, entitles him to sue, and the claim is therefore in court.
As the claimant herein is a resident of Texas, the decisions of the courts of that State are controlling in matters of local wills and local instruments conveying property. (Byers v. McAuley, 149 U. S., 608.) We cite the following cases,, which involve the same principle and are in most respects, identical with the case at bar: McMurray v. Stanley (69 Tex., 330); Orr v. O'Brien (55 Tex., 150) ; Tendrick v. Evetts (38. Tex., 276) ; Connelly v. Putnam, (51 Tex. Civ. App., 234).
Inasmuch as said Amanda Martin (now Amanda Yarbrough) testifies in this case that she authorized her son,. David A. Martin, to institute this suit in his own name and has since filed a waiver of her right to judgment in favor of her said son, he can maintain the action. A new trial is now awarded; the former judgment of the court is set aside, and findings are now filed with conclusion of law awarding judgment for the sum of $2,000 against the United States and the Comanche Indians in favor of the claimant. (Davenport v. United States, 31 C. Cls. R., 434; Thomas v. United States, 15 C. Cls. R., 336; Payan v. United States, 7 C. Cls. R., 400;, Green v. United States, ibid., 498; Cowan v. United States, 5 C. Cls. R., 106.)